09-3706-cr
United States v. Martinez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                         **Chief Judge**,
             ROGER J. MINER,
             RICHARD C. WESLEY,
                         **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X
**UNITED STATES OF AMERICA,**
         **Appellee**,

         **-v.-**                                         **09-3706-cr**

**CARLOS MARTINEZ,**
         **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**              Laurie S. Hershey, Manhasset, New York.

**FOR APPELLEES:**              Reed M. Brodsky, Andrew L. Fish, *for* Preet Bharara, United States Attorney's Office for the

Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Carlos Martinez challenges his sentence, arguing that the district court erred in denying him safety-valve relief and in concluding that he was a leader or organizer of a drug conspiracy. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Martinez argues that he discharged his burden of proving eligibility for safety-valve relief, see 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a), and that the district court erred in concluding otherwise. Reviewing the district court's factual findings for clear error and its legal conclusions de novo, United States v. Nuzzo, 385 F.3d 109, 118 (2d Cir. 2004), we disagree. Martinez had to prove, inter alia, that "not later than the time of the sentencing hearing," he "truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); see also United States v. Jimenez, 451 F.3d 97, 102-03 (2d Cir. 2006). Martinez misled the government in two safety-valve proffer sessions. Moreover, his testimony at the sentencing hearing--which he now says is the truth--conflicts with the documentary evidence. On this record, we cannot say that the district court erred in finding Martinez ineligible for safety-valve relief. Accord Nuzzo, 385 F.3d at 119 n.25 ("While a district court may find the [truthful proffer] criterion of the safety valve satisfied despite prior lies and omissions, neither a district court nor this Court is precluded from considering those prior lies and omissions in determining whether the defendant has met his burden of proving that the information provided as of sentencing is complete and truthful."); United States v. Schreiber, 191 F.3d 103, 107 (2d Cir. 1999) ("[A]n untruthful defendant risks the possibility that his or her lies will be exposed at the sentencing hearing itself, thus disqualifying the defendant from relief.").

2

**[2]** Martinez argues that the district court erred in finding that he was an organizer or leader in the drug conspiracy for purposes of Sentencing Guideline § 3B1.1. Our review is for clear error, United States v. Cuevas, 496 F.3d 256, 267 (2d Cir. 2007), and we find none. An experienced police detective testified that recorded conversations between Martinez and a confidential source revealed Martinez to be a leader of the drug conspiracy; and Martinez himself testified that he had hired at least one worker for his drug distribution business. This evidence provides a sufficient basis for the district court's conclusion that Martinez was a leader or organizer of the drug conspiracy.[1]

Finding no merit in Martinez's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Additionally, this finding provides independent justification for the district court's conclusion that Martinez is ineligible for safety-valve relief. See 18 U.S.C. § 3553(f)(4).

3